| | |
|---|---|
| **Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address**<br><br>James T. King, Esq. SB#82087<br>King & Associates<br>315 W. Arden Avenue #28<br>Glendale, CA 91203<br>(818) 242-1100<br>(818) 242-1012 Fax<br>email: king@kingobk.com<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors | **FOR COURT USE ONLY** |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| | |
|---|---|
| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Jaime Contreras Ponce,<br>Marisol Ponce, | CASE NO.: 2:13-bk-31675-SK<br><br>CHAPTER 13 |
| | <div align="center">**CHAPTER 13 PLAN**</div> |
| | **CREDITOR'S MEETING:**<br>**DATE:** 10/11/2013<br>**TIME:** 10:00 am<br>**PLACE:** 725 S. Figueroa Street, Courtroom 103<br>         Los Angeles, CA 90017<br><br><br>**CONFIRMATION HEARING:**<br>**DATE:** 11/21/2013<br>**TIME:** 10:00 am<br>**PLACE:** 255 E. Temple Street, Courtroom 1575<br>         Los Angeles, CA 90012 |
| <div align="center">Debtor(s).</div> | |

<div align="center">

**NOTICE**

</div>

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 1                          **F 3015-1.01.CHAPTER13.PLAN**

the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C. §1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. §1328.

The Debtor proposes the following Plan and makes the following declarations:

I.  **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

> The Debtor submits the following to the supervision and control of the chapter 13 trustee:

A.  Payments by Debtor of $ 125.00_____ per month for 36__ months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.  The base plan amount is $ 47,667.39_____ which is estimated to pay 4.30__ % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

C.  Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. §1305.

D.  Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the Plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                          **F 3015-1.01.CHAPTER13.PLAN**

E.  Other property (*specify property or indicate none*): _None_____

## II.  ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.  ORDER OF PAYMENTS:

   1.  If there are Domestic Support Obligations, the order of priority shall be:

      (a)  Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

      (b)  Administrative expenses (Class 1(a)) in amount not exceeding __100__% of each Plan Payment until paid in full;

   2.  If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__% of each Plan Payment until paid in full.

   3.  Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

   4.  Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

   5.  No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                  Page 3                    **F 3015-1.01.CHAPTER13.PLAN**

B.  CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's fees | $ 2,000.00 | | $ 111.00 | 1-19 | $ 2,000.00 |
| (3) Chapter 7 trustee's fees (*specify trustee name*) | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ | % | $ | | $ |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*):** | | | | | |
| | $ | % | $ | | $ |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 4                          **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

_____

2. ☒ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

_____

Chase _____        8309 _____

(name of creditor)                                           (last 4 digits of account number)

_____        _____

(name of creditor)                                           (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account Number | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | $ | $ | % | $ | | $ |
| | | $ | $ | % | $ | | $ |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 5                          **F 3015-1.01.CHAPTER13.PLAN**

| CLASS 4 |
|---|

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____          _____
(name of creditor)                                                               (last 4 digits of account number)

_____          _____
(name of creditor)                                                               (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

| CLASS 5 |
|---|

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of $ 47,667.39 .

Class 5 claims will be paid as follows:

(Check one box only.)
☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00 which is estimated to pay 0 % of the scheduled nonpriority unsecured debt.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 6                          **F 3015-1.01.CHAPTER13.PLAN**

## IV. PLAN ANALYSIS

| TOTAL PAYMENTS PROVIDED FOR UNDER THE PLAN | |
|---|---|
| **CLASS 1a** | $ 2,000.00 |
| **CLASS 1b** | $ 0.00 |
| **CLASS 1c** | $ 0.00 |
| **CLASS 2** | $ 0.00 |
| **CLASS 3** | $ 0.00 |
| **CLASS 4** | $ 0.00 |
| **CLASS 5** | $ 2,049.70 |
| **SUB-TOTAL** | $ 4,049.70 |
| **CHAPTER 13 TRUSTEE'S FEE** (Estimated 11% unless advised otherwise) | $ 445.47 |
| **TOTAL PAYMENT** | $ 4,495.17 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executor contracts and unexpired leases.
   None

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section.  As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan.  The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   BMW Financial Services - 2012 Mini Cooper

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   BMW Financial Services - 2012 Mini Cooper

D. The Debtor hereby surrenders the following personal or real property (*identify property and creditor to which it is surrendered*):  None

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions (*use attachment, if necessary*):
   For less than 100% plans, the Debtor pledges to the plan all future, post-petition, NON-EXEMPT tax refunds received during the plan.

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                 Page 7                          **F 3015-1.01.CHAPTER13.PLAN**

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge.  Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law.  In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: 9|12|13

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2012_                              Page 8                    **F 3015-1.01.CHAPTER13.PLAN**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
King & Associates
315 W. Arden Avenue, Suite 28
Glendale, CA 91203

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 13 PLAN** will be served or was served **(a)**
on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
09/12/2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery (TR)      efiling@CH13LA.com
James T King      ecfnotices@kingobk.com
United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 09/12/2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.

Honorable Sandra R. Klein
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/12/2013 | Diana Tellez | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:13-bk-31675-SK
Central District Of California
Los Angeles
Wed Sep 11 09:40:29 PDT 2013

BMW Bank Of North America, Inc
P.O. Box 201347
Arlington, TX 76006-1347

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

American InfoSource LP as agent for
Midland Funding LLC
PO Box 268941
Oklahoma City, OK 73126-8941

Ann K. Merrill, Esq.
Fulton, Friedman & Guallance, LLP
2151 Salvio Street, Suite W
Concord, CA 94520-2466

Asset Acceptance LLC
PO Box 2036
Warren MI 48090-2036

Asset Acceptance, LLC
C/O Hallie N. Zimmerman
2151 Salvio Street, Suite W
Concord, CA 94520-2466

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Caliber Home Loans, In
P.O. Box 24610
Oklahoma City, OK 73124-0610

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Chase
P.O. Box 24696
Columbus, OH 43224-0696

Christine S. Louie, Esq.
Fulton, Friedman & Gullance, LLP
2151 Salvio Street, Suite W
Concord, CA 94520-2466

Dylan R. Williams, Esq.
Fulton, Friedman & Gullace, LLP
2151 Salvio Street, Suite W
Concord, CA 94520-2466

GE Money Bank
C/O Portfolio Recovery & Affiliates
120 Corporate Blvd Ste 1
Norfolk, VA 23502-4962

GE Money Bank/ Sam's Club
C/O Portfolio Recovery & Affiliates
120 Corporate Blvd Ste 1
Norfolk, VA 23502-4962

GECRB/Sam's Club
P.O. Box 965005
Orlando, FL 32896-5005

GEMB/Care Credit Dental
C/O Asset Acceptance LLC
P.O. Box 1630
Warren, MI 48090-1630

Hallie N. Zimmerman, Esq.
Fulton, Friedman & Gullace, LLP
2151 Salvio Street, Suite W
Concord, CA 94520-2466

Kohls/Capone
P.O. Box 3115
Milwaukee, WI 53201-3115

Macy's
9111 Duke Blvd
Mason, OH 45040-8999

Portafolio
120 Corporate Blvd, Ste 100
Norfolk, VA 23502-4962

Portfolio
120 Corporate Blvd, Ste 100
Norfolk, VA 23502-4962

Razor Capital II, LLC
C/O Robert Scott Kennard, Esq.
2180 Harvard Street, Ste 160
Sacramento, CA 95815-3314

Robert Scott Kennard, Esq
Nelson & Kennard
2180 Harvard Street, Suite 160
Sacramento, CA 95815-3314

TD Bank USA/Target
P.O. Box 673
Minneapolis, MN 55440-0673

Time Warner
C/O CBA Collection Burea
25954 Eden Landing Road
Hayward, CA 94545-3816

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017-5413

Wells Fargo Bank
P.O. Box 14517
Des Moines, IA 50306-3517

(p)WACHOVIA DEALER SERVICES INC
BK DEPARTMENT
PO BOX 19657
IRVINE CA 92623-9657

Jaime Contreras Ponce
7806 Conklin Street
Downey, CA 90242-4106

James T King
315 W Arden Ave #28
Glendale, CA 91203-1150

Mary A Dockery (tr)
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017-4212

Marisol Ponce
7806 Conklin Street
Downey, CA 90242-4106

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BMW Financial Services
5515 Parkcenter Cir
Dublin, OH 43017

Capital One
P.O. Box 85520
Richmond, VA 23285

Wells Fargo Dealer Services
P.O. Box 1697
Winterville, NC 28590

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Kohls/capone
P.O. Box 3115
Milwaukee, WI 53201-3115

End of Label Matrix
Mailable recipients    32
Bypassed recipients     1
Total                  33